O
JS-6

# United States District Court
# Central District of California

SEAN LICEA,

        Plaintiff,

   v.

THE HOME DEPOT INC.,

        Defendant.

Case № 5:20-cv-01624-ODW (KKx)

**ORDER GRANTING MOTION TO REMAND [8]**

## I. INTRODUCTION

Plaintiff Sean Licea initiated this action against Defendant The Home Depot, Inc. in the Superior Court for the State of California, County of Riverside. (*See* Notice of Removal ("NOR") ¶ 1, ECF No. 1.) Licea seeks declaratory, injunctive, and monetary relief for Home Depot's alleged violations of (1) the California Unruh Civil Rights Act ("Unruh"), Cal. Civ. Code §§ 51 *et seq.*, and (2) the California Disabled Persons Act ("CDPA"), Cal. Civ Code §§ 54, *et seq.* (NOR Ex. A ("Compl.") ¶¶ 36–61, ECF No. 1-1.) On August 12, 2020, Home Depot removed the action to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. (NOR ¶ 3.) Home Depot avers that Licea's claims raise a federal question because they are predicated on a violation of the Americans with Disabilities Act ("ADA"), 42

U.S.C. §§ 12182 *et seq.* (NOR ¶¶ 3–4.) Licea moves to remand for lack of subject matter jurisdiction. (Mot. to Remand ("Motion" or "Mot."), ECF No. 8.) For the following reasons, Licea's Motion is **GRANTED**.[1]

## II.   LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A court resolves all ambiguity in favor of remand to state court, and the party seeking removal bears the burden of establishing federal jurisdiction. *See id.*

## III.   DISCUSSION

Licea argues the Court must remand because his state-law claims do not give rise to federal question jurisdiction. (Mot. 2–4.) In opposition, Home Depot contends that Licea's claims are premised "solely" on violation of the ADA, making federal law a necessary element of his claims. (*See* Opp'n to Mot. ("Opp'n") 1, ECF No. 9.)

Generally, a state law claim gives rise to a federal question only when a federal law is a necessary element of the state claim. *Wander v. Kaus*, 304 F.3d 856, 857–58 (9th Cir. 2002). However, the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow*

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

*Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986). "When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996).

In the present context, Unruh and the CDPA may be violated in a number of ways, only one of which is an ADA violation. *See* Cal. Civ. Code §§ 51(f), 54.1(d). In his Complaint, Licea pleads alternate theories of liability for both his Unruh and CDPA claims, such that neither is premised exclusively upon violation of the ADA. (*See* Compl. ¶¶ 37–49, 55–59.) Thus, the federal law theory is not a necessary element of the Unruh claim and federal question jurisdiction does not attach. *See Licea v. Reebok Int'l Ltd*, No. CV 19-00970 TJH (Ex), 2019 WL 4014431, at *1 (C.D. Cal. Aug. 23, 2019) (remanding because "the Unruh Act's incorporation of the ADA is insufficiently substantial to make the ADA a necessary element").

Home Depot argues the Court should not remand because Licea will abandon his non-ADA theory of liability once firmly in state court, and his non-ADA theory of liability is not actionable. (Opp'n 1, 7–8.) But the Court evaluates removal jurisdiction based on a federal question from the complaint as it existed at the time of removal. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979). Licea's Complaint clearly alleges alternate theories of liability under both state and federal law, as discussed above. The Court declines to speculate as to how Licea may pursue his claims going forward. *See Martinez v. Greatcollections.com, LLC*, No. 8:19-CV-01647-JLS (KESx), 2019 WL 4742299, at *2 (C.D. Cal. Sept. 27, 2019) (declining to "speculate about developments that may alter the jurisdictional analysis down the road"). Similarly, the merits of Licea's state-law claims are not presently before the Court; rather, the Court considers only whether Licea's Complaint gives rise to federal question jurisdiction. It does not. As such, the Court must remand, and Licea's Motion is **GRANTED**.

Lastly, Licea requests an award of fees and costs incurred as a result of Home Depot's removal. (Mot. 4–8.) "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[T]he standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Here, a fee award is not appropriate. First, "*Wander* does not directly foreclose Defendant's argument regarding the inclusion of a request [for] injunctive relief." *Castillo v. Tamara Mellon Brand, Inc.*, No. CV 19-10466-GW-MRWx, 2020 WL 703693, at *3 (C.D. Cal. Feb. 10, 2020) (denying fee award because removal was not objectively unreasonable "in the absence of binding precedent"). Second, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rate," *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983), and Licea and his counsel have not met this burden. Licea's counsel submits declaration testimony merely attesting that "[his] office" has "spent a total of 8.2 hours of time, totaling $4,270.00." (Decl. of Eric D. Zard ¶ 5, ECF No. 8-2.) Licea's counsel also states his billing rate is $625.00 per hour, while his associates' rate is $525.00 per hour, (*id.* ¶ 6), but without any more information, it would be impossible for the Court to analyze the reasonableness of Licea's fee request. Accordingly, Licea's fee request is **DENIED**.

## IV.   CONCLUSION

In summary, the Court **GRANTS** Licea's Motion to Remand and **DENIES** Licea's request for fees. (ECF No. 8.) The Court **REMANDS** this action to the Superior Court for the State of California, County of Riverside, Case No. MCC2000981.

//
//
//
//

All dates and deadlines in this action, including the Scheduling Conference set for Monday, December 21, 2020, are hereby **VACATED**.  The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

December 17, 2020

_____
            **OTIS D. WRIGHT, II**
          **UNITED STATES DISTRICT JUDGE**